IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT JEFFREY BOWEN, | No. C 12-3083 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |
| v. | |
| ACCESS AMERICA, et al., | |
| Defendants. | |

Before the Court is AGA Service Company and Jefferson Insurance Company's (collectively, "defendants") motion, filed August 1, 2012, to dismiss plaintiff Clint Jeffrey Bowen's ("Bowen") complaint, to strike the prayer for exemplary damages, and, in the alternative, for a more definite statement. Bowen has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

Bowen alleges he purchased from defendants an insurance policy that would cover emergency medical care, up to $25,000, and emergency medical transportation, up to $250,000, as needed during a trip to Costa Rica. Bowen alleges that on multiple occasions during the trip, he was assaulted by unknown assailants, suffered serious injuries, and was taken to a hospital where he received treatment. Bowen further alleges that on each occasion, medical doctors advised defendants that he needed to be returned to the United States for further care, but defendants denied coverage for his expenses.

Based on said allegations, Bowen filed the subject complaint in state court, asserting four Causes of Action: Breach of Contract, Common Counts, Fraud, and Negligence. On June 14, 2012, defendants removed the case to this district. By the instant motion, defendants now seek, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of all but the first of those claims and to strike, pursuant to Rule 12(f), the prayer for exemplary damages.

**DISCUSSION**

**A. Sufficiency of Pleadings**

**1. Second Cause of Action: Common Counts**

In his Second Cause of Action, titled "Common Counts," Bowen alleges defendants became indebted to him for "goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay" and for "money paid, laid out, and expended to or for defendant at defendant's special instance and request." (See Compl. at 8). "The essential elements of an action for money and/or goods had and received are (1) a statement of indebtedness of a certain sum, (2) the consideration made by the plaintiff, and (3) nonpayment of the debt." First Interstate Bank v. State of California, 197 Cal. App. 3d 627, 635 (1987). To plead such common count, a complaint must include facts showing either an express or implied-in-law "promise to pay" or an "obligation to repay" the plaintiff. Vaughn v. Certified Life Ins. Co. of Cal., 238 Cal. App. 2d 177, 181 (1965).

Here, there are no facts alleged in the complaint showing any goods were sold or delivered to defendants by Bowen, and the only money alleged to have been paid by Bowen to defendants was his insurance premium. "[T]he allegation that money was paid as an agreed premium for an insurance policy indicates that [the defendant] has a right to retain the money." Vaughn, 238 Cal. at 181.

Accordingly, the Second Cause of Action is subject to dismissal.

**2. Third Cause of Action: Fraud**

Bowen bases his Third Cause of Action, titled "Fraud," on three separately pleaded theories: (1) "intentional or negligent misrepresentation," (2) "concealment," and (3)

2

"promise without intent to perform." (See Compl. at 9-10.) Defendants argue plaintiff's allegations fail to plead a claim for fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. See. Fed. R. Civ. P. 9(b) (providing "a party must state with particularity the circumstances constituting fraud or mistake").

Although a district court looks to state law to determine the elements of fraud, Bowen must, in addition, meet the federal standards for pleading such claims with particularity. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.2009). "In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." Shroyer v. New Cingular Wireless Services, Inc., 622 F.3d 1035, 1042 (9th Cir. 2010); see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that "averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation and citation omitted). The allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge[.]" See Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation and citation omitted).

Although Bowen's complaint contains a number of factual allegations concerning his medical needs and defendants' denial of coverage, it includes no more than conclusory assertions that defendants "made [false] representations of material fact," "concealed or suppressed these facts," and "made a promise about a material matter without any intention of performing it," in each instance with "the intent to defraud and induce [Bowen] to act." (See Compl. at 9-10.)[1]

Accordingly, the Third Cause of Action is subject to dismissal.

### 3. Fourth Cause of Action: Negligence

In his Fourth Cause of Action, titled "General Negligence," Bowen alleges

---

[1] In his Opposition, Bowen states he "will present expert opinion demonstrating that these [d]efendants never pay nor do they ever intend to pay on these claims." (See Opp'n at 8: 6-7). If Bowen intends to rely on such showing to support his claim of fraud, any "opinion" and facts in support thereof must be pleaded in his complaint.

3

defendants "owed a duty of care; said duty was breached proximately harming [Bowen] in an amount to be proved at trial." (See Compl. at 12.)

In California, "negligence is not among the theories of recovery generally available against insurers." Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal. App. 4th 249, 254 (1999).

Accordingly, the Fourth Cause of Action is subject to dismissal.

**B. Motion to Strike**

Defendants move for an order striking Bowen's prayer for exemplary damages. Under California law, exemplary damages are available only where a defendant has "been guilty of oppression, fraud, or malice." See Cal. Civ. Code § 3294. As Bowen has not sufficiently stated a claim for fraud, the only theory on which he seeks exemplary damages, the prayer for exemplary damages will be stricken from the complaint.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the Second, Third, and Fourth Causes of Action is hereby GRANTED, and the prayer for exemplary damages is hereby STRICKEN. Should Bowen choose to file a First Amended Complaint to cure the deficiencies identified above, he shall file such pleading no later than October 19, 2012.

**IT IS SO ORDERED.**

Dated: October 5, 2012

MAXINE M. CHESNEY
United States District Judge