**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    CLINT JEFFREY BOWEN,                    No. C 12-3083 MMC

11              Plaintiff,                    **ORDER GRANTING DEFENDANTS'
                                              MOTION TO DISMISS**
12        v.

13    ACCESS AMERICA, et al.,

14              Defendants.
      _____/

15

16        Before the Court is AGA Service Company and Jefferson Insurance Company's

17   (collectively, "defendants") motion, filed October 29, 2012, to dismiss plaintiff Clint Jeffrey

18   Bowen's First Amended Complaint and to strike the punitive damages claim.  Plaintiff has

19   filed opposition, to which defendants have replied.  Having read and considered the papers

20   filed in support of and in opposition to the motion, the Court rules as follows.[1]

21                  **FACTUAL AND PROCEDURAL BACKGROUND**

22        Plaintiff alleges he purchased from defendants an insurance policy that would cover

23   emergency medical care, up to $25,000, and emergency medical transportation, up to

24   $250,000, as needed during a trip to Costa Rica.  Plaintiff alleges that on multiple

25   occasions during the trip, he was assaulted by unknown assailants, suffered serious

26   injuries, and was taken to a hospital where he received treatment.  Plaintiff further alleges

27   that on each occasion, medical doctors advised defendants that he needed to be returned

28
      _____
           [1] On December 3, 2012, the Court took the matter under submission and vacated
      the hearing scheduled for December 7, 2012.

1   to the United States for further care, but defendants denied coverage for his expenses.

2       By order filed October 5, 2012, the Court dismissed the Second Cause of Action,

3   ("Common Counts"), Third Cause of Action ("Fraud"), and Fourth Cause of Action

4   ("Negligence"), as alleged in plaintiff's Complaint, and struck plaintiff's prayer for exemplary

5   damages.  Plaintiff thereafter filed a First Amended Complaint ("FAC"), in which he alleges

6   a new Second Cause of Action ("Breach of Covenant of Good Faith and Fair Dealing"),

7   amends the Third Cause of Action ("Fraud"), and requests punitive damages.  By the

8   instant motion defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9   Procedure to dismiss plaintiff's Second and Third Causes of action, for failure to state a

10  claim on which relief may be granted, and to strike plaintiff's prayer for punitive damages.

11  **LEGAL STANDARD**

12      Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

13  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

14  cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

15  1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

16  showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S.

17  544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by

18  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.

19  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

20  requires more than labels and conclusions, and a formulaic recitation of the elements of a

21  cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

22      In analyzing a motion to dismiss, a district court must accept as true all material

23  allegations in the complaint, and construe them in the light most favorable to the

24  nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To

25  survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

26  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

27  662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough

28  to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts

2

1 "are not bound to accept as true a legal conclusion couched as a factual allegation." See

2 Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

3       Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

4 material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

5 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged in the

6 complaint, and whose authenticity no party questions, but which are not physically attached

7 to the pleading, however, may be considered.  See Marder v. Lopez, 450 F.3d 445, 448

8 (9th Cir. 2006).  In addition, a district court may consider any document "the authenticity of

9 which is not contested, and upon which the plaintiff's complaint necessarily relies,"

10 regardless of whether the document is referenced in the complaint.  See Parrino v. FHP,

11 Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are

12 subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279,

13 1282 (9th Cir. 1986).

14 **DISCUSSION**

15 **1.  Covenant of Good Faith and Fair Dealing**

16       In his Second Cause of Action, plaintiff alleges defendants breached the covenant of

17 good faith and fair dealing by performing none of its obligations under the subject contract

18 of insurance, and that in committing such breach "acted fraudulently and with conscious

19 disregard for [p]laintiff."  (See FAC at 9:17-18.)  Where an insurer "acts unreasonably and

20 without proper cause in failing to investigate a claim, refusing to provide a defense, or

21 either delaying or failing to pay benefits due under the policy, the insured can sue in tort for

22 the breach of the covenant of good faith and fair dealing."  Emerald Bay Cmty. Ass'n v.

23 Golden Eagle Ins. Corp., 130 Cal. App. 4th 1078, 1093 (2005).  To successfully state such

24 a claim, the plaintiff must allege economic loss.  See id. at 1094 ("Since a tort action for

25 breach of the covenant of good faith and fair dealing is one seeking recovery of a property

26 right, not personal injury, to prevail the insured must show proof of economic loss.")

27 (internal quotation and citation omitted); see also Gourley v. State Farm Mut. Auto. Ins. Co.,

28 53 Cal. 3d 121, 129 (1991) ("Breach of the implied covenant is actionable in the insurance

3

1  context because such conduct causes financial loss to the insured, and it is that loss which

2  defines the cause of action.").

3      Defendants argue plaintiff's claim fails for the reason that plaintiff has not alleged

4  economic loss as a result of defendants' breach of contract.  In opposition, plaintiff first

5  argues the economic loss requirement "should not apply here" because, according to

6  plaintiff, the insurance contract at issue is not "a simple insurance indemnity policy," but

7  instead constitutes a "managed care" insurance policy requiring defendants to monitor his

8  medical treatment in addition to indemnifying his claims.  (See Opp'n at 5:1-23.)  As a

9  result, plaintiff argues, the case law requiring economic loss is inapplicable to the instant

10 insurance policy.

11     Irrespective of whether plaintiff is correct in his characterization of the subject

12 insurance policy, he has cited to no case or statutory authority, nor has the Court located

13 any such authority, holding the standard elements of a claim for breach of the implied

14 covenant of good faith and fair dealing do not apply to managed care insurance policies.

15 Rather, any contractual obligations defendants may have failed to perform beyond an

16 obligation to indemnify plaintiff are relevant only to the issue of whether defendants

17 breached the insurance contract, not to whether plaintiff is required to allege economic loss

18 resulting from such breach.  See, e.g., Richards v. Sequoia Ins. Co., 195 Cal. App. 4th 431,

19 438 (2011) (affirming summary judgment in favor of defendant on claim for breach of

20 covenant of good faith and fair dealing where defendant allegedly breached contract by not

21 providing defense to underlying lawsuit but there was "no evidence of . . . economic loss in

22 [the] record.").

23     Alternatively, plaintiff asserts he has incurred financial loss as a result of defendants'

24 breach and that he has pleaded such a loss in his complaint.  In particular, citing

25 paragraphs one and six of the FAC, respectively, plaintiff contends he has alleged he has

26 been unable to work due to defendants' conduct (see Opp'n at 8:14-17) and that "[he]

27 himself needed to enable his return" to the United States and to a medical facility.  (See id.

28 at 8:23-24.)  Neither such allegation, however, is contained in the cited paragraphs, nor

4

1   anywhere else in the FAC.[2]

2          Accordingly, the Second Cause of Action will be dismissed with leave to amend.

3          **2. Fraud**

4          By its prior order, the Court dismissed with leave to amend plaintiff's Third Cause of

5   Action, titled "Fraud," for the reason that plaintiff had not pleaded fraud with the particularity

6   required by Rule 9(b) of the Federal Rules of Civil Procedure.  Defendants argue plaintiff's

7   complaint again fails to plead the circumstances constituting fraud with particularity.  In

8   opposition, plaintiff relies on his newly added allegation, made on information and belief,

9   that "[d]efendants never accomplished the totality of their stated promises for any

10  customer."  (See FAC at 10:14-15.)  Such allegation is, at best, ambiguous and, as noted,

11  conclusory in nature.  Consequently, plaintiff again fails to plead a claim of fraud.  See

12  Iqbal, 556 U.S. at 678 (holding courts "are not bound to accept as true a legal conclusion

13  as a factual allegation").[3]  To the extent plaintiff may be relying as well on his newly added

14  allegation that defendants, in failing to perform their stated contractual obligations, "acted

15  fraudulently and with conscious disregard for [p]laintiff" (see FAC at 10:11-12), any such

16  reliance likewise fails, for both the reason that such allegation is conclusory in nature and

17  because California law requires "something more than nonperformance" to establish a

18  claim of fraud predicated on failure to perform a contractual promise.  See Tenzer v.

19  Superscope, Inc., 39 Cal. 3d 18, 30 (1985) (rejecting argument that "subsequent failure to

20  perform as promised [under contract] warrants the inference that defendant did not intend

21  to perform when she made the promise").

22         Accordingly, the Third Cause of Action will be dismissed with further leave to amend.

23

24         [2] Moreover, it is unclear what plaintiff means by the phrase "needed to enable his
25  return."  (See id.)

26         [3] Plaintiff's reliance on extrinsic evidence (see Opp'n at 10:13; Decl. of Alexander
    Anolik) likewise is unavailing.  As discussed, in deciding a motion to dismiss, a court may
27  consider only the allegations in the complaint, documents whose contents are alleged or
    relied upon therein, and matters subject to judicial notice.  Moreover, the declaration suffers
28  from the same lack of factual support as does the FAC.  (See Decl. of Alexander Anolik
    ¶ 15.)

**3. Punitive Damages**

Defendants move to strike plaintiff's prayer for punitive damages.  A plaintiff may not recover punitive damages for breach of contract.  See Cal. Civ. Code § 3294 (providing "[i]n an action for the breach of an obligation not arising from contract, . . . the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant") (emphasis added).  As discussed above, plaintiff's tort claims are subject to dismissal.

Accordingly, plaintiff's prayer for punitive damages will be stricken.

<strong>CONCLUSION</strong>

For the reasons stated above, defendants' motion to dismiss the Second and Third Causes of Action and to strike the prayer for punitive damages is hereby GRANTED, and plaintiff is afforded a further opportunity to cure the deficiencies noted.

Plaintiff's Second Amended Complaint, if any, shall be filed no later than January 4, 2013.

**IT IS SO ORDERED.**

Dated: December 14, 2012

MAXINE M. CHESNEY
United States District Judge