IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT JEFFREY BOWEN,<br><br>    Plaintiff,<br><br>  v.<br><br>ACCESS AMERICA, et al.,<br><br>    Defendants. | No. C 12-3083 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is AGA Service Company and Jefferson Insurance Company's (collectively, "defendants") motion, filed January 14, 2013, to dismiss the Second and Third Causes of Action alleged in plaintiff Clint Jeffrey Bowen's Second Amended Complaint ("SAC"). Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**1. Second Cause of Action ("Breach of Covenant of Good Faith and Fair Dealing")**

By prior order, the Court dismissed plaintiff's Second Cause of Action as alleged in the First Amended Complaint ("FAC"), for the reason that plaintiff failed to allege financial loss. (See Order filed Dec. 14, 2012, at 4-5.) Plaintiff's SAC includes allegations that now cure said deficiency (see SAC ¶ 12 (alleging, inter alia, plaintiff's payment of medical expenses and travel costs)), and to the extent defendants argue such allegations are inconsistent with other allegations in the SAC, the Court disagrees.

---

[1] On February 20, 2013, the Court took the matter under submission and vacated the hearing scheduled for February 22, 2013.

Defendants next contend plaintiff fails to allege an unreasonable denial of benefits. See Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990) (holding to adequately plead breach of implied covenant of good faith and fair dealing, plaintiff must allege "(1) benefits due under the policy . . . have been withheld; and (2) the reason for withholding benefits [was] unreasonable or without proper cause"). The Court again disagrees. In his SAC, plaintiff alleges that defendants, after acknowledging coverage and authorizing payment of plaintiff's initial medical bills, thereafter denied plaintiff had insurance and refused to authorize payments for additional necessary medical treatment and transportation to the United States. (See SAC ¶¶ 8, 9.)

Accordingly, the Second Cause of Action is not subject to dismissal.

**2. Third Cause of Action ("Fraud")**

By prior order the Court dismissed plaintiff's Third Cause of Action as alleged in the FAC, for the reason that plaintiff had not pleaded fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (See Order filed Dec. 14, 2012, at 5.) As alleged in the SAC, said cause of action remains unchanged. Because the SAC represents plaintiff's third attempt to plead a cause of action for fraud and plaintiff has alleged no new facts in support of such claim, let alone facts sufficient to cure the deficiencies identified by the Court, the Third Cause of Action will be dismissed without further leave to amend.

**CONCLUSION**

Accordingly, the motion is hereby GRANTED in part and DENIED in part as follows:

1. To the extent the motion seeks dismissal of the Third Cause of Action, the motion is hereby GRANTED, and the Third Cause of Action is hereby DISMISSED.

2. In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 25, 2013

MAXINE M. CHESNEY
United States District Judge

2